UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GUATEMION MOSLEY, )<br>)<br>    Plaintiff, )<br>)<br>       v. )<br>)<br>TARGET CORPORATION, )<br>)<br>    Defendant. ) | CAUSE NO: 1:17-cv-4658 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Guatemion Mosley, hereinafter Mr. Mosley, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Target Corporation, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973) and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA")..

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Mosley, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.
5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.
6. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about June 15, 2017, Mr. Mosley filed charges of Disability Discrimination, Retaliation for asserting his rights under the Indiana Worker's Compensation statute and discrimination in violation of the ADA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2017-02185.
8. On or about September 20, 2017, Mr. Mosley received a Notice of Right to Sue from the EEOC for Charge Number 470-2017-02185, entitling him to commence action within

ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Mosley on or about September, 2015.

11. Throughout his employment with Defendant, Mr. Mosley met or exceeded Defendant's legitimate expectations of performance.

12. On or about March 2016, Mr. Mosley sustained an injury while working for the Defendant.

13. The Defendant accommodated Mr. Mosley's restrictions until June 2016.

14. On or about June 21, 2016, Mr. Mosley was released from treatment at MMI.

15. Mr. Mosley hired counsel to represent him in his worker's compensation claim.

16. Mr. Mosley was provided light work until June 2016.

17. In June 2016, Mr. Mosley was informed that the Defendant does not provide light duty for longer than twelve (12) weeks.

18. The Defendant placed Mr. Mosley on medical leave instead of accommodating his restrictions.

19. On or about September 27, 2016, Mr. Mosley was contacted by the Defendant and told that he could not return to his job at the distribution center.

20. Mr. Mosley was informed that he could not return to his light duty job at the distribution center.

21. The Defendant offered Mr. Mosley a part time store position in lieu of the distribution center job.

22. The Defendant only offered Mr. Mosley jobs that were part time and did not pay the same amount as his prior job.

23. The Defendant continued to have positions available within the distribution center that accommodated Mr. Mosley's restrictions.

24. Mr. Mosley could have returned to the job he performed for twelve (12) weeks after his injury.

25. The Defendant would not permit Mr. Mosley to return to his previous job.

26. The Defendant would not permit Mr. Mosley to return to the job that he performed that was within his restrictions.

27. Mr. Mosley refused to accept a part time position for less pay.

28. The Defendant terminated Mr. Mosley in November 2016.

29. Mr. Mosley was terminated for refusing to accept a job that paid significantly less than his prior position with the Defendant.

30. The Defendant was capable of accommodating Mr. Mosley's restrictions.

31. The Defendant had in fact accommodated Mr. Mosley's restrictions until June 2016.

32. The Defendant only stopped accommodating Mr. Mosley's restrictions after June 2016.

33. The Defendant refused to allow Mr. Mosley to return to the job he had performed within the distribution center that was within his restrictions.

34. The Defendant discriminated against Mr. Mosley due to his disability.

35. The Defendant retaliated against Mr. Mosley for seeking counsel and asserting his rights under the Indiana worker's compensation statute.

36. The Defendant attempted to demote Mr. Mosley due to his worker's compensation claim.

37. The Defendant attempted to demote Mr. Mosley due to his disability.

38. The Defendant failed to offer Mr. Mosley any protections under the FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Mosley, for his first claim for relief against Defendant, states as follows:

39. Mr. Mosley hereby incorporates by reference paragraphs 1 through 38 as though previously set out herein.

40. At all times relevant to this action, Mr. Mosley was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

41. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Mosley's disability.

42. The Defendant failed to communicate with Mr. Mosley concerning his disability as required by the ADA.

43. The Defendant intentionally and willfully discriminated against Mr. Mosley because he is disabled and/or because Mr. Mosley has a record of being disabled and/or because the Defendant regarded Mr. Mosley as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

44. Defendant's actions were intentional, willful and in reckless disregard of Mr. Mosley's rights as protected by the ADA and Title VII.

45. Mr. Mosley has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

46. Mr. Mosley hereby incorporates by reference paragraphs 1 through 45 as though previously set out herein.

47. The Defendant was aware that Mr. Mosley had an FMLA qualifying injury/event.

48. The Defendant was aware that Mr. Mosley was missing work due to a disability.

49. The Defendant failed to offer Mr. Mosley benefits under the FMLA.

50. Defendant failed to give Mr. Mosley proper notice as required under the FMLA.

51. Defendant's termination of Mr. Mosley was in violation of his rights under the FMLA.

52. Defendant failed to give Mr. Mosley notice of his rights under the FMLA.

53. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Mr. Mosley's legal rights under the FMLA.

54. Mr. Mosley has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## COUNT III

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

55. Mr. Mosley hereby incorporates by reference paragraphs 1 through 54 as though previously set out herein.

56. Mr. Mosley sustained work related injuries during his employment with Defendant.

57. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Mosley lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

58. Defendant intentionally and willfully refused to accommodate Mr. Mosley's disability caused by his work injury and failed to allow him to return to his employment in retaliation for him seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

59. Defendant's actions were intentional, willful and in reckless disregard of Ms. Mosley's rights under Indiana Law.

60. Mr. Mosley has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Mosley, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Mosley his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

    e.  Pay liquidated damages

    f.  Pay for lost future wages

    g.  Pay to Mr. Mosley all costs and attorney's fees incurred as a result of bringing this action;

    h.  Payment of all pre- and post judgment interest;

    i.  Provide to Mr. Mosley all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:

/s/ Heather R. Falks  
Heather R. Falks 29907-41  
STEWART & STEWART Attorneys  
931 S. Rangeline Rd.  
Carmel IN 46032  
(317) 846-8999  
Fax: (317) 843-1991  
heatherf@getstewart.com  
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Mosley, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks  
Heather R. Falks 29907-41  
STEWART & STEWART Attorneys  
931 S. Rangeline Rd.  
Carmel IN 46032  
(317) 846-8999  
Fax: (317) 843-1991  
heatherf@getstewart.com  
Attorney for Plaintiff